IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN | § | |
| | § | |
| v. | § | C.A. NO. C-08-194 |
| | § | |
| ARANSAS COUNTY DETENTION CENTER | § | |

### ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT

In this § 1983 civil rights action, plaintiff claims that defendant was deliberately indifferent to his serious medical needs, violated his rights under the Americans With Disabilities Act ("ADA"), and interfered with his right to access the courts. (D.E. 1). On September 11, 2008, he moved for summary judgment. (D.E. 29). On October 24, 2008, defendant filed a response, which has been construed as a cross-motion for summary judgment. (D.E. 40). On November 3, 2008, plaintiff filed a reply. (D.E. 42). For the reasons stated herein, plaintiff's motion is DENIED, and defendant's motion is DENIED in part and GRANTED in part.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the parties, (D.E. 12, 30), this case was reassigned to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 33); see also 28 U.S.C. § 636(c).

### II. BACKGROUND

At all times relevant to the facts of this lawsuit plaintiff was incarcerated at the Aransas County Detention Center ("ACDC"). He filed suit on June 17, 2008, naming the ACDC as defendant, claiming that the ACDC refused to replace his broken glasses, or provide him with an

eye examination, and that the ACDC had failed to provide him with adequate legal materials to pursue his criminal appeal, and had deliberately withheld certain information helpful to his appeal. (D.E. 1).

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff asserts that the ACDC has been deliberately indifferent to his serious medical needs because they refuse to replace a pair of eyeglasses which were broken in about April 2008. Id. at 2. He claims that he has requested an eye exam but that it has been denied to him. Id. He alleges that he is legally blind without his glasses, and that the eyestrain caused by not having his glasses causes him severe pain. Id. He can no longer enjoy television or board games because of this serious eyestrain. Id. Moreover, he was prevented from representing himself effectively in his criminal appeal, and cannot research other claims, because the ACDC does not have a law library. Id. He also claims that jail officials deliberately provided him with an edited copy of the Texas Code of Criminal Procedure that prevented him from adequately arguing his appeal. Id. Finally, he argues that he was prevented from requesting a rehearing on his petition for discretionary review because the copy of the Texas Rules of Appellate Procedure provided by jail officials did not contain the relevant rules. (D.E. 44).

Defendant argues that the failure to provide eye exams or eyeglasses does not constitute deliberate indifference to serious medical needs, and that plaintiff has failed to show that he has been prejudiced in bringing any nonfrivolous claim; therefore, plaintiff's claims are without merit, and should be dismissed. (D.E. 40).

## IV. **DISCUSSION**

**A.      Summary Judgment Standard Of Review.**

Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, considering all pleadings, depositions, affidavits, and admissions on file in the light most favorable to the non-movant.  Caboni v. General Motors Corp., 278 F.2d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish

the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

**B.      Sovereign Immunity Bars Money Damages For § 1983 Claims, But Not ADA Claims.**

The Eleventh Amendment bars a suit for money damages against a state or state agency. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). To the extent plaintiff is suing defendant for money damages under § 1983, those claims are barred by the Eleventh Amendment, and they are dismissed.

However, the Supreme Court has held that Title II of the ADA validly abrogates sovereign immunity "insofar as [it] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original). Thus, plaintiff may state a claim for damages against defendant pursuant to the ADA.

**C.      Defendant's Filings Are Timely.**

Plaintiff first moves to strike all of the defendant's filings on the ground that they were untimely filed. This argument is without merit. First, he argues that defendant's answer was filed 44 days after his complaint was filed, 14 days more than the response time allowed by the order for service of process. (D.E. 42, at 2). However, the order for service of process specifies that the answer shall be filed within 30 days of the date defendant receives the complaint, not when the complaint is filed. (D.E. 22, at 1). Return of service was not executed in this case until August 11, 2008. (D.E. 27). Defendant therefore had until September 15, 2008 to file its answer. The answer was timely filed on September 9, 2008. (D.E. 28).

Plaintiff also argues that the defendant's motion for an extension of time to file a response to his motion for summary judgment was untimely because it was submitted on October 14, 2008, 33 days after his motion for summary judgment was filed, and three days outside the response time provided for in the order for service of process. (D.E. 42, at 2). The order for service of process specifies that a response shall be filed within 30 days of the receipt of the dispositive motion. (D.E. 22, at 1). Defendant's motion for an extension was due by October 11, 2008, and was filed on October 10, 2008. (D.E. 34). On October 14, 2008, the motion was stricken for failure to comply with Local Rules. (D.E. 36). The defendant promptly corrected the error, and the Court granted the motion, extending the time to respond to summary judgment until October 24, 2008. (D.E. 38). Defendant timely responded to plaintiff's motion on October 24, 2008. (D.E. 40). There is no basis for striking any of defendant's motions.

**D.     Plaintiff's Claim That Defendant Was Deliberately Indifferent To His Serious Medical Needs.**

The Supreme Court has held that "[d]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). In order to state a claim of inadequate medical treatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.

A disagreement with the level and type of treatment is not actionable under the Eighth Amendment. See id. at 107; Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) (per curiam); Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977) (per curiam). An incorrect diagnosis does not state an Eighth Amendment claim because the deliberate indifference standard has not been met. Domino v. Texas Dep't of Crim. Justice, 239 F.3d 752, 755 (5th Cir. 2001). A "plaintiff must show that the officials 'refused to

5

treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Id. (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).  However, delay in treatment may be actionable under § 1983 if there has been deliberate indifference and the delay results in substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Stewart v. Murphy, 174 F.3d 530, 537 (5th Cir. 1999) (no substantial delay).

Plaintiff fails to prove up a deliberate indifference claim.  He relies on nothing more than conclusory allegations to support his claim for deliberate indifference.  He asserts that he has suffered severe headaches and eyestrain resulting from the deprivation of his glasses, but he provides no evidence that he has sought treatment for his ailments.  (D.E. 1, at 2).  Moreover, he provides no evidence other than his own statements that he even needs glasses.

Even had plaintiff proven that he suffered serious harm from the lack of his eyeglasses, his claim against defendant would still fail.  Because plaintiff is suing an instrument of the State, he must prove that his medical needs were ignored pursuant to an unconstitutional policy or custom.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).  An official policy or custom is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.  Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992) (quoting Bennet v. City of Slidell, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)).  Proof of isolated incidents is not sufficient to show the existence of a custom or policy.  Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992) (citation omitted).  Instead, a plaintiff must show at least "a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the [jail]."  Id. (citation omitted).  Thus, in order to prove a claim of deliberate indifference to serious medical needs against the county, plaintiff would have to prove that ACDC officials were acting pursuant to an official policy or widespread custom.  While plaintiff alleges that defendant withheld his glasses pursuant to such a policy, he offers no proof to support this claim.  (D.E. 42, at 9).  Thus, he has failed to prove his deliberate indifference claim against defendant, and summary judgment is therefore denied.

Defendants argue that there is no legal basis for the argument that the failure to provide eyeglasses is deliberate indifference to a serious medical need.  (D.E. 40, at 4).  This claim is inaccurate.  The Fifth Circuit has indicated that the denial of eyeglasses by prison officials may constitute an Eighth Amendment violation.  See Newman v. Alabama, 503 F.2d 1320, 1331 (5th Cir. 1974).  The Second Circuit has held that the denial of eyeglasses to a prisoner who suffered from double vision and the loss of depth perception after a head injury could constitute deliberate indifference, explicitly rejecting the argument that the denial of eyeglasses can never constitute deliberate indifference.  Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996) (citations omitted).  Here, plaintiff asserts that he requires glasses to conduct such simple daily activities as trimming his toenails, and that he suffers eyestrain.  (D.E. 29, at 2).  The Koehl court urged that

7

because the plaintiff's "visual deficiencies can readily cause a person to fall or walk into objects," that his medical needs were no less serious than those of the plaintiff in Estelle. 85 F.3d at 88 (citation omitted). Moreover, plaintiff has alleged that he has been deprived of his eyeglasses pursuant to a policy of the ACDC against providing eyeglasses and eye exams to prisoners. (D.E. 29, at 2). Taking the facts in the light most favorable to the plaintiff, he has raised a genuine issue of material fact as to whether he has a serious medical need which has been ignored pursuant to an official policy or custom; therefore, defendant's motion for summary judgment on this claim is denied.

**E.     Plaintiff's Claim That Defendant Violated The ADA.**

Plaintiff also claims that the defendant violated Title II of the ADA in failing to provide him with eyeglasses. (D.E. 1, at 2). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A public entity is defined as "'any State or local government' and 'any department, agency ... or other instrumentality of a State.'" Georgia, 546 U.S. at 154 (quoting 42 U.S.C. § 12131). The term includes state prisons. Id.

Pursuant to the ADA, disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). However, the term "disability" in the ADA also includes individuals who do not have such an impairment, but who are "regarded as" substantially limited in a major life activity. 42 U.S.C. § 12102(2)(C). An individual is regarded as being disabled if the person (1) has an impairment that is not substantially limiting, but is perceived as such by the employer; (2) has an

impairment that is substantially limiting, but only because of the attitudes of others; or (3) has no impairment, but is perceived as having a substantially limiting impairment by the employer. E.E.O.C. v. E.I. Du Pont de Nemours & Co., 480 F.3d 724, 729 (5th Cir. 2007) (citation omitted). Here, plaintiff has failed to provide any proof that he is disabled, under any definition. He makes conclusory statements that he is "legally blind" without his glasses, but he provides no evidence of his visual impairment other than these statements. (D.E. 1, at 2). Because plaintiff fails to show that he is an individual with a disability as required by the ADA, he has failed to prove his claim, and summary judgment is therefore denied.[1]

**F.      Plaintiff's Claim That Defendant Interfered With His Access To Courts.**

Finally, plaintiff claims that defendant interfered with his right of access to courts by deliberately withholding information about certain statutes from him that was critical to his criminal appeal. (D.E. 31, at 2). He claims that officials at the jail provided him with copies of the Texas Code of Criminal Procedure, but deliberately excluded Articles 37.07(2), 38.22, and 38.23, which prevented him from raising the claims that a videotape was improperly admitted at his trial and that he should not have been sentenced to probation. Id. He has also submitted a notarized letter from Horace Henley, stating that he brought law books to the prison to help plaintiff prepare his defense, but was turned away by officials at the jail. (D.E. 41, at 2).

Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). The right

---

[1] Defendant did not address plaintiff's ADA claim in its motion for summary judgment. Moreover, neither plaintiff nor defendant provided plaintiff's medical records, which are necessary for adequately resolving both his deliberate indifference and his ADA claims. **The dispositive motion deadline in this case is January 13, 2009.** (D.E. 22).

does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement) (citation omitted). Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. Lewis, 518 U.S. at 351; see also Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. See Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)) (emphasis in original). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." Id. at 819. In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. See Lewis, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citation omitted).

Here, plaintiff fails to demonstrate the requisite injury. He claims that officials at the jail provided him with a printout of the Texas Code of Criminal Procedure, but deliberately left out portions pertaining to inadmissible video evidence. (D.E. 42, at 15). He asserts that had he

known of these sections, he would have argued that the video confession was improperly admitted and his conviction would have been overturned. Id. In the appeal of his state conviction, the Texas Thirteenth Court of Appeals referred to a videotape of plaintiff's arrest. See Kemppainen v. State, No. 13-06-436-CR, 2008 WL 4151839, at *3 (Tex. App. May 29, 2008) (unpublished). The articles to which plaintiff refers apply to statements made as a result of custodial interrogation. See (D.E. 42, at 18-24); see also Tex. Code Crim. Proc. art. 38.22.

Plaintiff makes no argument that a videotape of an arrest constitutes a recording of a statement made while in custodial interrogation, nor does he point to any case law regarding that argument. (D.E. 42). Moreover, he has previously argued that his trial counsel was ineffective for failing to obtain the videotape recording of his arrest. Kemppainen, 2008 WL 4151839, at *3. Similarly, he also claimed in another civil rights proceeding that the videotape would prove his innocence. Kemppainen v. Aransas Co. Detention Ctr., et al., No. CA. 2:06-463 (S.D. Tex.) (Docket Entry #11, at 3).

If plaintiff is referring to a different videotape, he gives no indication thereof, and no other videotape is mentioned in the appellate court's opinion affirming his conviction. He has not provided this Court with any videotape. Plaintiff also asserts that he should not have been given probation because he never filed a sworn affidavit as required. (D.E. 42, at 15). However, there is no evidence that plaintiff is on probation. Indeed, he is currently incarcerated. Thus, plaintiff fails to demonstrate that he was prevented from bringing a non-frivolous claim before a court; he therefore lacks standing pursuant to Lewis, and his claim is denied.

In the alternative, even assuming that plaintiff had proven prejudice, he would not be entitled to relief on this claim. Plaintiff's claim concerns his criminal appeal. He chose to

proceed pro se on his appeal, despite being offered the assistance of court-appointed counsel. See Kemppainen, 2008 WL at 4151839, *2. The Fifth Circuit has held that an inmate who rejected the assistance of court-appointed counsel had no right of access to a law library in preparing his criminal defense. Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam). Because plaintiff "knowingly and voluntarily waive[d] appointed representation by counsel in a criminal proceeding [he] is not entitled to access to a law library." Id. (citations omitted). Thus, plaintiff had no right to assistance from defendant, and his claim is denied.

Insofar as plaintiff is claiming that he was denied access to courts because he failed to seek a rehearing on the denial of his petition for discretionary review, defendant does not assert that plaintiff was entitled to court-appointed counsel in that action. However, plaintiff fails to establish actual injury because he does not indicate any ground for the Texas Court of Criminal Appeals to grant him a rehearing on his petition for discretionary review.

Finally, to the extent that plaintiff claims that his constitutional rights are being violated simply because he cannot adequately research the law and bring claims, this claim is without merit. There is no freestanding right to a law library; in order to bring an access to the courts claim, a plaintiff must show actual injury. Plaintiff has failed to do so, and his claim is denied.

Because plaintiff has failed to show that he suffered actual injury from any interference on the part of defendant, and because the evidence establishes that he would not be entitled to legal assistance from defendant on this claim, defendant is entitled to summary judgment in its favor.

## V.  CONCLUSION

For the reasons stated herein, plaintiff's motion for summary judgment, (D.E. 29), is DENIED, and defendant's cross-motion for summary judgment, (D.E. 40), is DENIED in part and GRANTED in part.  Defendant is granted summary judgment in its favor on plaintiff's access to courts claim.  However, plaintiff's deliberate indifference and ADA claims remain pending, subject to a renewed dispositive motion with an additional record, such as medical records, or a trial.

ORDERED this 8th day of January 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE