IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN | § | |
|    TDCJ #1541042, | § | |
| v. | § | C.A. NO. C-08-194 |
| | § | |
| ARANSAS COUNTY DETENTION CTR. | § | |

**ORDER**

Plaintiff is currently incarcerated at the Mineral Wells Facility in Mineral Wells, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendant's denial of eyeglasses constituted deliberate indifference. He also alleged that defendant's actions violated Americans with Disability Act ("ADA"). Pending is his pro se motion to extend time to file objections to an order dismissing his ADA claim. (D.E. 65).[1]

Plaintiff indicates that he seeks an extension of time to file objections pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure. Because the parties both consented to proceed before a magistrate judge, (D.E. 12, 30), this case was reassigned to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 33). Having consented, the parties no longer need to lodge objections to magistrate judge issued orders in this action, but instead must appeal any disagreements with such decisions to the Fifth Circuit. See 28 U.S.C. § 636(c).

Even construing plaintiff's motion as a motion to reconsider the dismissal of his ADA claim, such a motion cannot succeed. Motions to reconsider "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted).

---

[1] On June 16, 2009, plaintiff was appointed an attorney to represent him. (D.E. 63). His deliberate indifference claim has been set for trial. (D.E. 64).

They cannot be used to introduce evidence that was available prior to the entry of judgment, nor should they be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits.  Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted).  To prevail, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence.  Id. at 479.

In order for plaintiff to succeed on his ADA claim, he must establish that he has a disability as defined by the statute.  The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual."  42 U.S.C. § 12102(1)(A).  The statute explicitly lists "seeing" as a major life activity.  42 U.S.C. § 12102(2)(A); see also Albertson's, Inc. v. Kirkinburg, 527 U.S. 555, 563 (1999) ("There is no dispute ... that seeing is one of [plaintiff's] life activities.") (citing 29 C.F.R. § 1630.2(i)).

Plaintiff has argued that defendant violated his constitutional right by denying him eyeglasses.  Among the relief sought, he seeks a new pair of eyeglasses.  In Albertson's, the Supreme Court explained "that mitigating measures must be taken into account in judging whether an individual possesses a disability."  527 U.S. at 565 (discussing Sutton v. United Airlines, Inc., 527 U.S. 471 (1999)).  Last year, Congress amended the ADA to remove the litigating effect of the Supreme Court's ADA decisions, including Sutton.  ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553, § 2(a)(4).  Thus, Congress amended the ADA to require the determination of whether an individual is disabled "without regard to the ameliorative effects of mitigation measures."  Id. at § 3(4)(E)(i).  However, "[t]he ameliorative effects of the mitigating measures of ordinary eyeglasses or contact lenses shall be considered in determining whether an impairment substantially limits a major life activity."  Id. at § 3(4)(E)(ii).

In the pending motion, plaintiff asserts that "for nearly 2 years prior to my glasses getting broken my eyesight steadily deteriorated to the point where I could no longer read with them and my vision was in fact substantially limited and everything was blurry, even with my eyeglasses on." (D.E. 65, at 1-2).  This position makes sense in light of statutory language and Supreme Court precedent only if his vision is so impaired that eyeglasses would not ameliorate his vision.  In which case, he would not be worse off by the denial of glasses before or after they were broken.  Given that his claim has always been that defendant deprived him of his constitutional rights when he was denied eyeglasses, his new position in the pending motion cannot stand.  Accordingly, he has failed to establish that he is entitled to relief, and his motion to reconsider is DENIED.

Finally, it appears that this pending motion while docketed after plaintiff was appointed counsel, was signed and mailed before he likely received the order appointing him counsel.  As he is now represented by counsel, he should refrain from sending any pro se filings.

ORDERED this 23rd day of June 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE