IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN       TDCJ #1541042, | § § | |
| v. | § § | C.A. NO. C-08-194 |
| ARANSAS COUNTY DETENTION CTR. | § | |

## ORDER

Plaintiff is currently incarcerated at the Jordan Unit in Pampa, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983. Pending is his pro se plaintiff's memorandum and motions. (D.E. 83). Essentially, plaintiff seeks to withdraw his court-appointed attorney and objects to being deposed.

On June 16, 2009, plaintiff was appointed an attorney to represent him in preparation for his upcoming civil trial. (D.E. 63). Trial is set for December 7, 2010. (D.E. 81). Discovery is due no later than October 22, 2010. Id.

Plaintiff had previously filed a motion to withdraw the same court-appointed attorney. (D.E. 67). A telephonic hearing was held on September 30, 2009. During that hearing, plaintiff's court-appointed counsel explained the various efforts she had already made regarding litigating his claim. It also became clear that there were some problems with the delivery of mail between counsel and plaintiff. Plaintiff indicated that he had made a mistake and orally moved to withdraw his pending motion. That oral motion was granted. (D.E. 69).

On July 2, 2010, a telephonic hearing was held regarding plaintiff's pending motion. Plaintiff complained that he did not want to be deposed because he had already answered interrogatories. He further argued that defendant had not obtained leave of the court for the deposition pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure. See Whitehurst

v. United States, 231 F.R.D. 500, 501 (S.D. Tex. 2005).  Finally, he argues that he is too tired from the ordeal of incarceration to be able to prepare and sit for a deposition.

Defense counsel indicated that plaintiff's deposition had been noticed for July 22, 2010 at the Jordan Unit, and that arrangements are being made with prison officials.  Defendant is granted leave to depose plaintiff.  Notwithstanding plaintiff's objections, the deposition is permissible pursuant to the Federal Rules of Civil Procedure.  Plaintiff will have to be deposed or his action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Next, a discussion was held regarding plaintiff's complaints about his counsel.  No constitutional right to appointment of counsel exists in civil rights cases.  See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam).  In his pending motion, he sought his attorney's removal arguing that he "needs counsel that can represent him with a respectable level of competence, keep him informed of legal proceedings, and not interfere with other, active pending litigation that has a higher level or priority than these proceedings, nor interfere with Plaintiff's constitutionally provided rights." (D.E. 83, at 2).

Plaintiff has created roadblocks making it difficult for his attorney to represent him.  For example, he has requested the Jordan Unit's mail room to return his counsel's mail to her instead of delivering it to him.  It is hard for counsel to keep him informed if plaintiff returns her correspondence.  He decries the fact that she is indicating to him the need to be deposed.  Her reading of the rules is correct and he does not have a basis for refusing to be deposed.  Finally, plaintiff filed this action and has a duty to prosecute it.  See Fed. R. Civ. P. 41(b).  If he would prefer to handle only his federal habeas petition before the Fifth Circuit, then he should dismiss this action  There is no incompetence here.  At the hearing, plaintiff was unable to point to any.

Plaintiff has the right to represent himself. During the hearing it was explained to him that he could do so. It was also explained that another court-appointed attorney would not be provided. He decided that he did not want his attorney to withdraw, but would prefer that she represent him during the pendency of this litigation. Accordingly, plaintiff's pro se motion to withdraw court-appointed counsel, (D.E. 83), is denied as moot.

Finally, plaintiff's pending motion sought a stay of this action during the disposition of his habeas petition. He provides no compelling basis for staying this action. Accordingly, the request for a stay, (D.E. 83), is denied.

ORDERED this 2nd day of July 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE