IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN | § | |
|     TDCJ #1541042, | § | |
| v. | § | C.A. NO. C-08-194 |
| | § | |
| ARANSAS COUNTY DETENTION CTR. | § | |

## OPINION GRANTING PLAINTIFF'S MOTION FOR WITHDRAWAL OF COUNSEL

Plaintiff is currently incarcerated at the Jordan Unit in Pampa, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983. Pending is his pro se plaintiff's motion to withdraw court-appointed counsel. (D.E. 91).

On June 16, 2009, plaintiff was appointed an attorney to represent him in preparation for his upcoming civil trial. (D.E. 63). Trial is set for December 7, 2010. (D.E. 81).

On September 24, 2009, plaintiff filed his first motion to withdraw his court-appointed attorney. (D.E. 67). A telephonic hearing was held on September 30, 2009. During that hearing, plaintiff's court-appointed counsel explained the various efforts she had already made regarding litigating his claim. It also became clear that there were some problems with the delivery of mail between counsel and plaintiff. Plaintiff indicated that he had made a mistake and orally moved to withdraw his pending motion. That oral motion was granted. (D.E. 69).

On June 23, 2010, plaintiff filed his second motion to withdraw his court-appointed attorney. (D.E. 83). On July 2, 2010, a telephonic hearing was held regarding that motion. A discussion ensued during which it was explained to plaintiff that if his motion was granted he would not receive a new attorney, but would have to represent himself. He chose to again keep his court-appointed attorney. (D.E. 86).

In the pending motion, plaintiff asserts that he wants to represent himself pursuant to 28 U.S.C. § 1654. Accordingly, plaintiff's motion to withdraw his court-appointed counsel is

hereby GRANTED.  Attorney Roxana Perez Stevens is removed from representation and plaintiff will represent himself.

In the pending motion, plaintiff also seeks to submit evidence into the record.  (D.E. 91, at 1-2).  The documents are a contract and agreement that plaintiff has with himself regarding his representation.  Id. at 5-8.  These documents have nothing to do with the dispute at issue in this action.  Accordingly, plaintiff's request to submit the documents into evidence is DENIED.

Next, plaintiff requests a change of venue regarding his action.  This request is misplaced.  A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).

Here, plaintiff is seeking the removal of the magistrate judge assigned to this action. Instead of a change of venue, it appears he is seeking the recusal.  To the extent that plaintiff is seeking the undersigned magistrate judge to recuse himself from this action, such a request is without a basis.  Pursuant to 28 U.S.C. § 455, judges must disqualify themselves for a number of reasons.  Plaintiff does not articulate any basis for disqualification.

Moreover, as the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)); accord United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997) (quoting Liteky); United States v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992) ("adverse rulings in a case are not an adequate

basis for demanding recusal") (citations omitted).  Instead, as the Fifth Circuit has indicated, "the judge's rulings should constitute grounds for appeal, not for recusal."  Landerman, 109 F.3d at 1066 (citing Liteky, 510 U.S. at 555).

Accordingly, to the extent that plaintiff is seeking to have the underlying magistrate judge disqualify himself, that request is DENIED.

Plaintiff requests that a stay be issued until he is released from prison so that he can engage in discovery.  (D.E. 91, at 2).  There is no reason to delay this action any further.  The Second Amended Scheduling Order issued on May 18, 2010 is still in effect, including the end of discovery and the trial date.  He also requests that his former counsel provide him with discovery.  She is ORDERED to send plaintiff all discovery in her possession no later than October 1, 2010 by certified mail, return receipt (or other service allowing for tracking and a signature).  However, plaintiff's request for a stay of the trial schedule is DENIED.

ORDERED this 21st day of September 2010.

```
                                    _____
                                    BRIAN L. OWSLEY
                                    UNITED STATES MAGISTRATE JUDGE
```