IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN § | | |
|     TDCJ #1541042 § | | |
| v. § | | C.A. NO. C-08-194 |
| § | | |
| ARANSAS COUNTY DETENTION CTR. § | | |

## OPINION DENYING PLAINTIFF'S MOTION FOR SUBPOENAS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Trial is set for December 7, 2010 at 8:30 a.m. Pending is plaintiff's motion for subpoenas. (D.E. 114). Specifically, he seeks to issue subpoena duces tecum for four witnesses who reside in Mineral Wells, Texas, Cibolo, Texas, Rockport, Texas, and Bastrop, Texas. Id. at 1-2. Moreover, he seeks to issue subpoenas for eleven other witnesses who all reside in either Rockport, Texas or Aransas Pass, Texas with the exception of a witness who resides in Stewart, Mississippi. Id. at 2.

On November 9, 2010, an order was issued addressing subpoenas regarding plaintiff's trial witnesses. It indicated that he "must complete a subpoena for each witness he is seeking to have at trial." (D.E. 110). The Clerk of the Court sent plaintiff fifteen blank subpoena forms. Furthermore, the order required plaintiff to explain in detail the basis for the testimony by each witness. Id. Finally, he was required to "address the requirements regarding per diem and mileage regarding witnesses." Id.

Plaintiff has not provided a completed subpoena form for any of the witnesses he seeks to have appear at trial. Moreover, he failed to provide any explanation of the need for, or the anticipated testimony of, eleven of the proposed witnesses.

The same rules apply to the issuance of subpoenas in actions whether the plaintiff is

proceeding in forma pauperis or is represented by counsel: "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d). Congress has mandated that trial witnesses are entitled to "an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b). Moreover, witnesses are entitled to be paid an allowance for travel expenses for mileage or the cost of a common carrier. 28 U.S.C. § 1821(c). District courts do not have statutory authority to waive witness fees for indigent civil litigants. See, e.g., Marozsan v. United States, 90 F.3d 1284, 1290 (7th Cir. 1996) (per curiam) (citation omitted).

The Federal Rules of Civil Procedure address where subpoenas may be served, limiting such service outside of the district unless it is "within 100 miles of the place specified for the ... trial." Fed. R. Civ. P. 45(b)(2)(B). The subpoena duces tecum for the witnesses who reside in Mineral Wells, Texas, Cibolo, Texas, and Bastrop, Texas as well as the subpoena for the witness in Stewart, Mississippi are all outside this 100 mile limit from the courthouse in Corpus Christi, Texas.

Plaintiff could still serve the three individuals in Texas if state law allowed it: "a subpoena may be served ... within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the ... trial." Fed. R. Civ. P. 45(b)(2)(C). However, Texas law limits the service of subpoenas: "A person may not be required by subpoena to appear or produce documents or other things in a county that is more than 150 miles from where the person resides or is served." Tex. R. Civ. P. 176.3(a).

Accordingly, plaintiff's motion for subpoenas, (D.E. 114), is DENIED.

ORDERED this 18th day of November 2010.

											_____
											BRIAN L. OWSLEY
											UNITED STATES MAGISTRATE JUDGE